IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-3018-WJM-STV

DURANGO MERCHANT SERVICES, LLC,

    Plaintiff,

v.

FLAGSHIP MERCHANT SERVICES, LLC,

    Defendant.

## ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE

Plaintiff Durango Merchant Services, LLC ("Plaintiff") brings this action against Defendant Flagship Merchant Services, LLC ("Defendant"), for trademark infringement. (ECF No. 1 at 5.) After Defendant failed to respond, Plaintiff moved for entry of default (ECF No. 9) and subsequently for entry of default judgment (ECF No. 15). The Court then issued the Order to Show Cause ("OSC") as to why the Court should not dismiss the case for lack of personal jurisdiction. (ECF No. 17.) Plaintiff timely responded. (ECF No. 18.)

Generally, a district court may not dismiss an action *sua sponte* for lack of personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). The exception to this general rule is when a default judgment is to be entered. *Id.*; *see also Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not

appeared in the case.").

The sole nexus to Colorado alleged in the complaint is that Plaintiff is located in Durango, Colorado. (ECF No. 1 ¶ 3.) This allegation alone is plainly insufficient to establish general or specific jurisdiction because it has no relation to Defendant's contacts with the forum state. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Thus, to provide Plaintiff an additional opportunity to demonstrate that the Court had personal jurisdiction over the Defendant, the Court issued the OSC.

Plaintiff's response to the OSC added three factual allegations: (1) Defendant's business is national or international and thus it "routinely" promotes its services to Colorado merchants; (2) "fact discovery would have shown that many of [Defendant's] 100,000 customers are Colorado merchants"; and (3) Defendant's trademark infringement caused damage to Plaintiff in Colorado. (ECF No. 18 at 1–2.)

The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). A plaintiff need only make a *prima facie* showing of personal jurisdiction. *Dennis Garberg*, 115 F.3d at 773. To obtain personal jurisdiction over a nonresident defendant, the plaintiff "must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295

(10th Cir. 1999)). Colorado's long arm statute confers the maximum jurisdiction permitted by the due process clauses of the United States and Colorado Constitutions. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (referring to Colo. Rev. Stat. § 13-1-124). Thus, the Court need only address the constitutional question of whether the exercise of personal jurisdiction over Defendant comports with due process. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (the state jurisdictional analysis in Colorado "effectively collapses into the second, constitutional, analysis").

A court may exercise personal jurisdiction over a nonresident defendant provided there are minimum contacts between the defendant and the forum state. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1979)). The minimum contacts standard may be met by showing general jurisdiction—based on a defendant's general business contacts with the forum state—or by asserting specific jurisdiction. *Id.* at 1090–91. "A court may . . . assert specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 1091 (internal quotation marks omitted). General jurisdiction requires a showing of pervasive minimum contacts. *Id.*

Plaintiff has failed to demonstrate that the Court has general jurisdiction over Defendant. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations . . . when their affiliations with the State are so continuous and

3

systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). General jurisdiction for an individual is appropriate where the individual is domiciled; for a corporation, it is the place the corporation is regarded as home, typically the place of incorporation and principal place of business. *Id.* at 924; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."). Nationwide marketing, which incidentally targets Colorado residents, and having customers in Colorado are not sufficient contacts to render the Massachusetts-resident Defendant "essentially at home" in Colorado. *See Daimler*, 571 U.S. at 137–38.

Plaintiff has also failed to demonstrate that the Court has specific jurisdiction over Defendant. "A specific jurisdiction analysis involves a two-step inquiry." *Benton*, 375 F.3d at 1075. First the Court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court here." *Id.* (internal quotation marks omitted). "Second if the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987)).

The Court only need to address the first step, the minimum contacts analysis. The "'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second,

that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov*, 514 F.3d at 1071. In regard to the "arise out of" part of the minimum contacts analysis, the Tenth Circuit has explained that "[s]pecific jurisdiction . . . is premised on something of a *quid pro quo*: In exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. The relevant inquiry is "whether plaintiffs' injuries 'arise out of' defendants' contacts with the forum jurisdiction." *Id.* at 1078.

National marketing that merely incidentally reaches Colorado consumers is not sufficient to show that Defendant purposefully directed its activities at Colorado residents. Moreover, the fact that Colorado merchants are customers of Defendant similarly fails to show that Defendant directed its activities at Colorado residents. Importantly, the complaint and response to the OSC fail to assert any facts to suggest that Plaintiff's trademark infringement claim arises out of Defendant's limited contacts with Colorado. Plaintiff does not cite or reference a single instance of a customer, confused or misled by Defendant's allegedly wrongful use of Plaintiff's mark, who then contracted with Defendant. In short, Plaintiff fails to provide facts to demonstrate that Defendant purposefully directed its activities at Colorado or that Plaintiff's injuries arise out of Defendant's contacts with Colorado. Plaintiff has thus failed to present facts to show that this Court has specific personal jurisdiction over Defendant.

On the record before the Court, the Court finds that Plaintiff has failed to show that the Court may exercise *in personam* jurisdiction over Defendant. Accordingly, the Court's Order to Show Cause is MADE ABSOLUTE and the above-captioned action is

DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(2).  It is further ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 15) is DENIED AS MOOT.

Dated this 16th day of July, 2019.

BY THE COURT:

William J. Martínez
United States District Judge